43 F.3d 1472
 150 L.R.R.M. (BNA) 2575
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
R.L. REISINGER CO., INC., Petitioner/Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent/Cross-Petitioner
 Nos. 93-6430, 93-6560.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1994.
 
 Before: MARTIN and BATCHELDER, Circuit Judges, and ENSLEN, District Judge.*
 PER CURIAM.
 
 
 1
 The National Labor Relations Board (NLRB) concluded that the petitioner, R.L. Reisinger Co., Inc. (the company), violated Secs. 8(a)(1) and (5) of the National Labor Relations Act (NLRA), 29 U.S.C. Secs. 158(a)(1) and (5), by refusing to adhere to its collective bargaining agreement with Local Union No. 683 of the International Brotherhood of Electrical Workers, AFL-CIO (the union). The company petitioned this court for review, and the NLRB cross-petitioned for enforcement of its order of relief. We conclude that the order of the NLRB must be enforced.
 
 
 2
 * In 1979, Ronald Reisinger operated a sole proprietorship in the electrical contracting business. On November 29, 1979, Reisinger signed a "Letter of Assent-A" authorizing the National Electric Contractors Association (NECA) as his collective bargaining representative
 
 
 3
 for all matters contained in or pertaining to the current approved residential labor agreement between the Columbus Division, Central Ohio Chapter, NECA and Local Union 683, IBEW. This authorization, in compliance with the current approved labor agreement, shall become effective on the 29[th] day of November, 1979. It shall remain in effect until terminated by the undersigned employer giving written notice to the Columbus Division, Central Ohio Chapter, NECA and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the aforementioned approved labor agreement.
 
 
 4
 In January 1981, Ronald Reisinger and his wife, Bernadine Reisinger, incorporated the sole proprietorship under the name R.L. Reisinger Co., Inc. In February 1981, Mrs. Reisinger notified the union of the incorporation by letter. The letter did not in any way indicate repudiation of the collective bargaining agreement.
 
 
 5
 On March 4, 1992, a Columbus city employee informed the union that the company was employing two workers for projects at a local mall. After confirming that the workers had not been hired through the union hiring hall, the union notified NECA that it had a grievance against the company, and NECA in turn notified the company. Bernadine Reisinger responded to the union with a letter, first referring to the February 1981 letter notifying the union of the company's incorporation, and then noting the company's contention that after its incorporation the company had no further agreements with the union. On July 2, 1992, the union filed a charge with the NLRB, claiming that the company committed unfair labor practices by violating the collective bargaining agreement's requirement that all bound employers hire exclusively from the union hiring hall and by attempting to make an untimely repudiation of the collective bargaining agreement.
 
 
 6
 Before the ALJ, the company argued that the statute of limitations precluded the union's charge and that the sole proprietorship, not the company, had bound itself to the collective bargaining agreement. The NLRB adopted the ALJ's conclusion that the union's charge was timely and that the company, as the alter ego of the sole proprietorship, was bound by the collective bargaining agreement.
 
 II
 
 7
 Section 10(b) of the NLRA, 29 U.S.C. Sec. 160(b), provides that "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board...." To avoid the Sec. 10(b) bar, occurrences within the six-month period must themselves constitute the unlawful labor practice; where the illegality of the occurrences within the limitations period can only be shown through reliance on an earlier unfair labor practice, the complaint is barred. Local Lodge No. 1424 v. Nat'l Labor Relations Bd., 362 U.S. 411, 416-17 (1960). The company's first argument on appeal is that Sec. 10(b) bars this complaint because the events necessary to prove alter ego status occurred outside the limitations period, or prior to January 2, 1992.
 
 
 8
 It is undisputed that proof of alter ego status, on which the company's liability turns, depends on the circumstances of the 1981 incorporation, circumstances well outside the limitations period. Nothing in the collective bargaining agreement or the applicable labor laws, however, prohibited the incorporation of a bound employer. The 1981 incorporation was therefore not an unfair labor practice. Rather, the alleged unfair labor practices were the company's hiring of workers outside the hiring hall and Bernadine Reisinger's letter contending that the company had no agreement with the union, both of which undisputedly occurred within the limitations period. Accordingly, reference to pre-January 2 events is merely evidentiary and does not offend Sec. 10(b). See id.
 
 
 9
 The company nonetheless argues that the union had notice of the company's repudiation of the collective bargaining agreement as early as 1981. It is clear that in this circuit the Sec. 10(b) period begins to run when the charging party discovers, or in the exercise of reasonable diligence should have discovered, acts constituting an alleged unfair labor practice. Nat'l Labor Relations Bd. v. Allied Products Corp., 548 F.2d 644, 650 (6th Cir.1977); Nat'l Labor Relations Bd. v. McCready and Sons, 482 F.2d 872, 875-76 (6th Cir.1973); see also Michigan United Food and Comm'l Workers Unions v. Muir Co., Inc., 992 F.2d 594, 597-98 (6th Cir.1993). A union may waive its statutory right to bargain if it fails to object upon unequivocal notice of the employer's refusal to bargain. YHA, Inc. v. Nat'l Labor Relations Bd., 2 F.3d 168, 172 (6th Cir.1993); Nat'l Labor Relations Bd. v. Henry Vogt Mach. Co., 718 F.2d 802, 806-07 (6th Cir.1983).
 
 
 10
 After careful review, we find that substantial evidence supports the NLRB's conclusion that the union did not have notice of the company's repudiation of the collective bargaining agreement until March 4, 1992. Despite the company's protestations, the record reveals that the company's behavior in the years between 1981 and 1992 bespoke compliance with the collective bargaining agreement. Thus, Sec. 10(b) is no bar to the instant grievance.
 
 III
 
 11
 An employer may not avoid the obligations of a collective bargaining agreement by changing form such that the new entity is only a "disguised continuance of the old employer." Southport Petroleum Co. v. Nat'l Labor Relations Bd., 315 U.S. 100, 106 (1942); see Howard Johnson Co. v. Detroit Local Joint Exec. Bd., Hotel and Restaurant Employees and Bartenders Int'l Union, 417 U.S. 249, 259 n. 5 (1974). Factors relevant to finding alter ego status include whether the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership. Nat'l Labor Relations Bd. v. Allcoast Transfer, Inc., 780 F.2d 576, 579 (6th Cir.1986). The company disputes the NLRB's finding of alter ego status.
 
 
 12
 Again, after careful review, we conclude that substantial evidence supports the NLRB's finding that other than the incorporation and granting a 51% interest in the corporation to Bernadine Reisinger, R.L. Reisinger Co., Inc. remained the same entity as the sole proprietorship. See Nelson Elec. v. Nat'l Labor Relations Bd., 638 F.2d 965, 968 (6th Cir.1981) (finding alter ego status on facts nearly identical to those in the case at bar). Contrary to the company's argument, the fact that the incorporation was motivated by a legitimate business reason, attainment of minority female enterprise status within the City of Columbus, is irrelevant because a showing of intent to avoid the NLRA's mandates is not required. Allcoast Transfer, 780 F.2d at 579-82; see also Nat'l Labor Relations Bd. v. Fullerton Transfer & Storage Ltd., Inc., 910 F.2d 331, 336-37 (6th Cir.1990).
 
 IV
 
 13
 The collective bargaining agreement in existence when Reisinger signed the letter of assent became effective on June 1, 1979, and was to expire on May 31, 1982, subject to an automatic renewal clause. Thereafter, NECA negotiated four other collective bargaining agreements with the union. The company contends that the authorization expired by its own terms upon expiration of the 1979-82 collective bargaining agreement; therefore, the company argues, it was not bound by subsequent negotiated agreements.
 
 
 14
 This circuit has interpreted the standard NECA language involved in this dispute to require written notice of termination at the appropriate time. In other words, in the absence of written termination one hundred fifty days before the current agreement's anniversary date, NECA retains the authority to bind a signatory to subsequent collective bargaining agreements. Nelson Elec., 638 F.2d at 967-68. We are bound by that decision. The circuit's interpretation in Nelson Elec. also has ample support in the jurisprudence of the other circuits to have considered NECA's letter of assent. See Local 257, Int'l Bhd. of Elec. Workers v. Grimm, 786 F.2d 342, 345-46 (8th Cir.1986); Nat'l Labor Relations Bd. v. Black, 709 F.2d 939, 940 (5th Cir.1983); Nat'l Labor Relations Bd. v. Hayden Electric, Inc., 693 F.2d 1358, 1363, 1365 (11th Cir.1982). The company never supplied proper written notice of termination and was therefore bound by the collective bargaining agreement in effect at the time it hired workers other than from the hiring hall.
 
 V
 
 15
 Based on the foregoing, we ENFORCE the order of the National Labor Relations Board remedying the unfair labor practices of R.L. Reisinger Co., Inc.
 
 
 
 *
 The Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan, sitting by designation